Name: Fernando Gastelum
Address: 209 W. 9th Street, Casa Grande, AZ 85122
Telephone Number: Number: 520-560-0927
Email: fernandog8899@gmail.com
*Pro se*

**FILED**

SEP 2 1 2022

BY _____
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fernando Gastelum,<br><br>                                    Plaintiff,<br><br>vs.<br><br>Cotton On USA, Inc.<br><br>                              Defendant. | Case No.  1:22-CV-01194-JLT-SAB<br><br>**Verified Complaint**<br><br>1. Americans with Disabilities Act<br><br>2. California's and Unruh Civil Rights Act<br><br>3. California's Disabled Person's Act |

Plaintiff Fernando Gastelum complains and alleges as follows:

## PARTIES

1. Plaintiff is a senior citizen with physical disabilities. Plaintiff is missing a leg.

2. Plaintiff's residence is in Casa Grande, Arizona.

3. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use.

4. Where public accommodations are not wheelchair friendly and wheelchair accessible, Plaintiff is compelled to ambulate with the use of a prosthetic leg and a cane.

5. Defendant owns general clothing stores including one at or about 645 East Shaw Ave., Fresno, CA 93719 ("Cotton on Shaw") and another at or about 2701 Ming Ave. Suite 203, Bakersfield, CA 93304 ("Cotton On Ming")

6. The Stores are places of public accommodation.

1

## JURIDICTION AND VENUE

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and California's Disabled Persons Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff visited the Cotton on Shaw Store on May 18, 2022 and made a purchase.

11. On the date of the plaintiff's visit, Plaintiff discovered that Cotton on Shaw Store was not compliant with the disability access laws in the following detail:

a. Clear width of accessible routes was less than 36" between displays of merchandise. This condition makes it more difficult for Plaintiff to shop between displays of merchandise. This condition violates accessibility standards at 403.5.1.

b. The access to the fitting room was inaccessible by virtue of clothing racks stationed there.

12. These barriers relate to and impact Plaintiff's disability and denied Plaintiff full and equal access.

13. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers that are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

2

14.     Plaintiff visited the Cotton on Ming Store on August 11, 2022 and made a purchase.

15.     On the date of the plaintiff's visit, Plaintiff discovered that Cotton on Ming Store was not compliant with the disability access laws in the following detail:

   a. Clear width of accessible routes was less than 36" between displays of merchandise. This condition makes it more difficult for Plaintiff to shop between displays of merchandise. This condition violates accessibility standards at 403.5.1.

   b. The service counter did not have a 36" long lowered section and was cluttered with merchandise and equipment[1] and was unusable. This condition makes Plaintiff's use of the payment counter more difficult. This condition violates accessibility standards at 904.4.1.

16.     These barriers relate to and impact Plaintiff's disability and denied Plaintiff full and equal access.

17.     The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers that are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

18.

### FIRST CAUSE OF ACTION: ADA
(42 U.S.C. section 12101, et seq.)

19.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again here, the allegations contained elsewhere in this  verified complaint.

20.     Plaintiff visits the geographical area where the Stores are located on a regular basis two to four times per year, and has been visiting the geographical area for many years in the past.

---

[1] See U.S. Dept. of Justice, *Maintaining Accessible Features in Retail Establishments* Checklist at 15. https://www.ada.gov/business/retail_access.htm

21.    Plaintiff intends to continue visiting the geographical area where the Stores are located on a regular basis at the rate of two to four times per year for the near future.

22.    Plaintiff has conducted business at the Stores in the past and desires to conduct business there in the future.

23.    Plaintiff conducts business at the Stores because they are reasonably priced and within Plaintiff's budgetary limits.

24.    The style, price and location of the Stores are convenient to Plaintiff when visiting or traveling in the geographical area where the Store is located.

25.    Plaintiff has a desire to revisit the Stores during his regular visits to the geographical area where the Stores are located but only if the Stores are made accessible not only in the particulars alleged here, but also with respect to other barriers to disability that may be discovered during the discovery process.

26.    Defendant violated Plaintiff's rights under the ADA.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a.  Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of disability laws; and

b.  For injunctive relief compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act.

c.  For injunctive relief requiring Defendant to adopt written and enforceable "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." assure compliance with 42 U.S.C. §12182(b)(2)(A)(ii) / 28 C.F.R. §36.302.

d.  For damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each encounter for the total of $8,000.00.

e. In the event Plaintiff is required to hire counsel, for reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205.

## SECOND CAUSE OF ACTION - UNRUH ACT
(Cal. Civ. Code § 51-53.)

27. Plaintiff incorporates all allegations contained elsewhere in this verified complaint.

28. The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b). Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

29. The Stores violated the Unruh Act by denying Plaintiff's rights to full and equal use of the Stores.

30. Defendant's violation of the Unruh Act makes Defendant responsible for statutory civil penalty. (Civ. Code § 55.56(a)-(c).

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh Act; and

b. Order closure of the Defendant's Store until Defendant has fully complied with Unruh Act; and

c. For damages in an amount no less than $4,000.00 per violation per encounter; and

d. Treble damages pursuant to Cal. Civ. Code §3345(b); and

e. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

f. The provision of whatever other relief Plaintiff is entitled and that the Court deems just, equitable and appropriate.

## THIRD CAUSE OF ACTION - DISABLED PERSONS ACT
### (Cal. Civ. Code §§54-54.3)

31. Plaintiff incorporates all allegations contained elsewhere in this verified complaint.

32. Defendant violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

33. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

34. Plaintiff has been aggrieved by each of Defendant's non-compliance with the DPA.

35. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

36. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of disability laws; and

b. Order closure of the Defendant's Store until Defendant has fully complied with disability laws; and

c. For damages in an amount no less than $1,000.00 per violation per encounter; and

d. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

e. The provision of whatever other relief Plaintiff is entitled and that the Court deems just, equitable and appropriate.

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by a jury.

6

## VERIFICATION

I verify that the allegations above are true to the best of my k knowledge, information and belief.

DATED _____9-7- 22_____ .

_____

Fernando Gastelum