# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COTTON ON USA, INC.,<br><br>　　　　Defendant. | Case No. 1:22-cv-01194-SAB<br><br>ORDER TO SHOW CASE AND VACATING PRETRIAL CONFERENCE |

　　　On September 21, 2022, Plaintiff Fernando Gastelum, proceeding pro se, commenced this action alleging public accessibility violations against Defendant Cotton On USA, Inc., pursuant to the Americans with Disabilities Act ("ADA"), along with accompanying state law claims. (ECF No. 1.) On December 19, 2022, Defendant answered, and on February 1, 2023, the Court issued an order to show case directing Plaintiff to show cause as to whether this Court should exercise supplemental jurisdiction over Plaintiff's state law claims regarding the Unruh Act, Cal. Civ. Code § 51, and the Disabled Persons Act, Cal. Civ. Code § 54. (ECF No. 11.) Following responses from the parties (ECF Nos. 13, 14), the Court declined to exercise supplemental jurisdiction and dismissed all state law claims without prejudice. (ECF No. 17.)

　　　On May 4, 2023, the Court issued a scheduling order with, as relevant here, a dispositive motion deadline of October 21, 2024, a pretrial conference set for January 17, 2025, and a jury trial set for March 4, 2025. (ECF No. 19.) No dispositive motions were filed.

　　　On January 10, 2025, the parties filed their joint pretrial statement. (ECF No. 20.)

Therein, Defendant asserts, for the first time, there might be issues of standing and subject-matter jurisdiction—namely, Defendant states that Plaintiff's ADA claim has become moot, and Plaintiff has declined to a stipulation of dismissal. (Id. at pp. 4-5.) As its basis, Defendant notes that federal courts may address standing at any time. (Id. at p. 4.)

The Court notes from the outset that Defendant's assertions regarding standing and subject-matter jurisdiction would require the Court to making certain factual findings and legal conclusions, which the Court cannot do from the parties' pretrial statement. Moreover, the Court observes that Defendant has not given a reason as to why it could not have raised its jurisdictional argument in a dispositive motion. Therefore, the Court admonishes Defendant that while the Court can reach the issue of subject-matter jurisdiction at any time, Defendant should have raised this argument in a dispositive motion in order to give notice to the Court regarding whether a trial is going forward and, as relevant here, to move for judicial notice and/or incorporation so that the Court can have a factual basis from which to make a ruling.

Notwithstanding, and in light of judicial economy, the Court has determined to issue an order to show cause regarding standing and subject-matter jurisdiction. Given Plaintiff's pro se status, the Court will direct Defendant to respond first and thereafter Plaintiff may reply.

Accordingly, the Court HEREBY ORDERS:

1. Defendant shall have through **January 22, 2025**, to show cause in writing, no longer than fifteen (15) pages, to this order as to why this Court does not have subject-matter jurisdiction. At that same time, Defendant shall separately move for a request for judicial notice and/or incorporation of all documents that support the response.

2. Plaintiff shall have **ten (10) days** following service of Defendant's response to show cause in writing, no longer than fifteen (15) pages, on the issue of whether this Court has subject-matter jurisdiction. In addition, Plaintiff shall also address why he believes his state-law claims have not been dismissed, despite this Court's previous order dismissing those claims without prejudice. (ECF No. 17.)

3. Following Plaintiff's response (or the deadline for Plaintiff to file his response), the Court will consider the matter submitted.

4. In light of the foregoing, the Court VACATES the pretrial conference scheduled for January 17, 2025. At this time, the Court will keep the March 4, 2025 trial on calendar, and if necessary, address the issue of whether this will proceed as a jury or bench trial in its order following the parties' responses to this order to show cause.

IT IS SO ORDERED.

Dated: **January 13, 2025**

STANLEY A. BOONE
United States Magistrate Judge